IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Derrick Dwayne Gillion*
Case No. 3:21-cr-00098-TMB-KFR-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Derrick Dwayne Gillion's ("Gillion") *Pro Se* Motion for Adjustment of Sentence (the "Motion").[1] Gillion argues he is eligible for a sentence reduction under U.S. Sentencing Guideline ("U.S.S.G.") Amendment 821, U.S.S.G. § 4A1.1, and U.S.S.G. § 4C1.1.[2] The United States (the "Government") opposes the Motion.[3] The United States Probation and Pretrial Services ("USPO") advises that Gillion is ineligible for a sentence reduction.[4] This matter is ripe for resolution. For the following reasons, the Court **DENIES** the Motion.

### A. Background

On January 26, 2023, pursuant to a plea agreement, Gillion pleaded guilty to Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 1).[5] In the underlying offense, on August 25, 2021, agents stopped and searched Gillion's car while he was driving to an arranged drug transaction and found digital scales, a firearm, and approximately 2,318 grams of heroin and 970 grams of methamphetamine.[6] A later search of his residence revealed approximately 783 grams of cocaine, 485 grams of methamphetamine, 244.4 grams of heroin, 1,204 grams of fentanyl, $298,895 in U.S. currency, and ten firearms.[7] Gillion knew the narcotics in his car and residence were controlled substances and he possessed them with intent to distribute.[8] On August 16, 2023, Gillion was sentenced to a below-guidelines mandatory minimum sentence of 120 months of imprisonment followed by five

---

[1] Dkt. 106 (*Pro Se* Motion for Adjustment of Sentence). His counsel subsequently filed a notice that no amended motion would be filed. Dkt. 110 (Notice of No Amended Motion); *see also* Dkt. 117 (Status Report) (confirming that counsel would file no amended motion).
[2] Dkt. 106 at 1.
[3] Dkt. 113 (Government Response in Opposition).
[4] Dkt. 112 (Sealed USPO Memorandum).
[5] Dkt. 81 (Minute Entry); Dkt. 80 (Plea Agreement).
[6] Dkt. 80 at 4.
[7] *Id.* at 4–5.
[8] *Id.* at 5.

years of supervised release.[9] He has served approximately 19 months of his sentence, and his projected release date is April 6, 2031.[10]

In his Motion, Gillion suggests he qualifies for a sentence reduction under U.S.S.G. §§ 4A1.1 and 4C1.1(a)(1) and "asks [the] Court to adjust his sentence accordingly pursuant to 18 U.S.C. § 3582(c)(2) and in consideration of [these] amendments."[11] He also expresses remorse and "accept[s] full responsibility for [his] actions."[12]

Opposing, the Government argues that "neither of the[se] amendments would change Gillion's Guidelines calculation, and because he received the below-Guidelines mandatory minimum sentence, his motion should be denied."[13] Regarding U.S.S.G. § 4A1.1, it notes that "Gillion was [] determined [not] to have committed the offense while under a criminal justice sentence, and so did not receive any criminal history points even under the former, stricter Guideline."[14] Therefore, § 4A1.1 as amended would not change his Guidelines calculation.[15] Regarding U.S.S.G. § 4C1.1, the Government notes that "Gillon (correctly) received one criminal history point"; therefore, "this amendment would likewise have no effect on his Guidelines calculation."[16] Moreover, Gillion received a below-guideline mandatory minimum sentence and "does not identify any basis that would have allowed the Court to impose a sentence below that mandatory minimum."[17] The Government argues he is therefore ineligible for a sentence reduction under Amendment 821.

USPO also advises that Gillion is ineligible for a sentence reduction under Amendment 821.[18] First, it notes that he did not receive status points for being under a criminal justice sentence when he committed the underlying offense.[19] Second, noting he received one criminal history point for a prior criminal conviction and possessed a firearm in connection with the underlying offense, USPO suggests Gillion is not a zero-point offender and does not meet the criteria for the adjustment.[20] Moreover, because Gillion was sentenced below his guideline range, USPO advises that he is ineligible for a sentence reduction under either U.S.S.G. §§ 4A1.1 or 4C1.1.[21]

### B. Legal Standard

United States Sentencing Guideline § 4A1.1(e) (added pursuant to Amendment 821, Parts A and B, subpart 1) reduced the points added to a defendant's criminal history category from two points

---

[9] Dkt. 100 (Minute Entry); Dkt. 102 (Judgment) at 2–3.
[10] Dkt. 112 at 4; *see* BOP Inmate Locator, https://www.bop.gov/inmateloc/.
[11] Dkt. 106 at 1.
[12] *Id.* at 2.
[13] Dkt. 113 at 1.
[14] *Id.* at 2.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 3.
[18] Dkt. 612 at 4.
[19] *Id.* at 1, 4.
[20] *Id.*
[21] *Id.* at 4.

to one point "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instance offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."[22]

Further, U.S.S.G. § 4C1.1 (added pursuant to Amendment 821, Parts A and B, subpart 1) provides for a two-level reduction in a defendant's total offense level if the defendant is a zero-point offender and "meets [certain] criteria."[23]

Under U.S.S.G. § 1B1.10, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) [including Amendment 821, parts A and B, subpart 1], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."[24] 18 U.S.C. § 3582(c)(2) allows a court to reduce a term of imprisonment for "a defendant whose term of imprisonment has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[25] A court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."[26] Further, the statute "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the [relevant] policies . . . is warranted in whole or in part under the particular circumstances of the case."[27]

The U.S. Sentencing Commission has recommended retroactive application of Parts A and B, subpart 1, of Amendment 821.[28]

### C. Discussion

The Court finds that Gillion is ineligible for a sentence reduction under Amendment 821. First, Gillion was not serving a criminal justice sentence when he committed the underlying offense and did not receive a two-point increase when he was sentenced. Therefore, the Court finds he is ineligible for a sentence reduction under U.S.S.G. § 4A1.1(e).

---

[22] U.S.S.G. § 4A1.1(e).
[23] U.S.S.G. § 4C1.1(a).
[24] U.S.S.G. §§ 1B1.10(a)(1), (d).
[25] 18 U.S.C. § 3582(c)(2).
[26] U.S.S.G. § 1B1.10(b)(2)(A).
[27] *Dillon v. United States*, 560 U.S. 817, 827 (2010).
[28] *See* U.S.S.G. App. C., amend. No. 825; U.S.S.G. § 1B1.10, p.s. (effective Nov. 1, 2023 and operative Feb. 1, 2024); Miscellaneous General Order No. 23-07, District Protocol for Processing Applications Under Guidelines Amendment 821 at 1.

-3-

Case 3:21-cr-00098-TMB-KFR   Document 118   Filed 08/13/24   Page 3 of 4

Second, Gillion received one criminal history point for a prior state conviction and "possess[ed] . . . a firearm . . . in connection with the offense," both of which disqualify him for the zero-point offender adjustment under U.S.S.G. § 4C1.1(a)(1) and (7).[29] Therefore, he is ineligible for the two-level adjustment under Amendment 821 and his offense level and guideline range would remain the same if he were sentenced today.

Moreover, Gillion is ineligible for a sentence reduction because he was sentenced to a below-guideline sentence of 120 months. Without the adjustments, Gillion's original guideline range of 135 to 168 months remains the same under Amendment 821. Because his 120-month sentence falls below the minimum of this guideline range, under U.S.S.G. § 1B1.10(b)(2)(A), the Court may not further reduce his sentence below the minimum of the amended guideline range, and no other circumstance that the guideline contemplates applies.[30] Thus, Gillion is ineligible for a sentence reduction.

As Gillion has not demonstrated a basis for a sentence reduction, the Court concludes that a sentence reduction is not appropriate.

Accordingly, the Motion at Docket 106 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE:     August 12, 2024.

---

[29] U.S.S.G. § 4C1.1(a)(7) (providing that the court may "decrease the offense level determined under Chapters Two and Three by 2 levels" only "[i]f the defendant . . . did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.").

[30] *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."); 18 U.S.C. § 3582(c)(2).